# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAMMI RAE SARGENT,<br><br>Debtor.<br><br>RIVERSTONE CLAIMS MANAGEMENT LLC,<br><br>Garnishee. | Case No.: 1:23-mc-00059-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 7)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

**I.**

**INTRODUCTION**

Currently pending before the Court is the United States of America's (the "Government"), request made pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedure Act 28 U.S.C. §§ 3001, *et seq.* (the "FDCPA"), for a final order of continuing garnishment against the earnings of Defendant and Judgment Debtor Kammi Rae Sargent ("Defendant"). The matter was referred to the

undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). The Court, having reviewed its files and the Government's request, recommends that the request be granted.

## II.

## BACKGROUND

On September 23, 2019, Defendant was sentenced in the criminal case <u>United States v. Kammi Rae Sargent</u>, and ordered to pay a statutory assessment of $200.00 and restitution in the amount of $43,130.00. <u>United States v. Kammi Rae Sargent</u>, Case No. 1:18-cr-00134-LJO-SKO (E.D. Cal. 2018), (ECF Nos. 54, 55).[1] The Government proffers that as of June 15, 2023, Defendant still owed restitution in the amount of $41,996.03, with no interest accruing. (ECF No. 7 at ¶ 2.) To collect the judgment owed by Defendant, on June 15, 2023, the Government instituted this miscellaneous action by filing an application for a writ of continuing garnishment of the earnings of Defendant, through the Garnishee Riverstone Claims Management LLC ("Garnishee"). (ECF No. 1.)

On June 15, 2023, the Clerk of the Court issued the writ of continuing garnishment of earnings. (ECF No. 5.) On June 15, 2023, the Government filed a certificate of service demonstrating the Garnishee was served with the writ of continuing garnishment and associated materials. (ECF No. 2.) On June 15, 2023, the Government filed a certificate of service demonstrating the Defendant was served at her last known address with: (1) instructions to debtor on how to claim exemptions and claim for exemption form; (2) instructions to Debtor re: objecting to the answer of garnishee; (3) the application for writ of continuing garnishment; (4) the issued writ of continuing garnishment; (5) the issued clerk's notice to debtor re: writ of continuing garnishment; and (5) a judgment debtor's request for hearing form. (ECF No. 3.)

On July 10, 2023, the Garnishee filed an acknowledgement of service and answer. (ECF No. 6.) The answer indicates that Defendant receives insurance benefits in the amount of approximately $5,287.50 gross monthly from the Garnishee for services provided. (<u>Id.</u> at 1–2.) In the initial

---

[1] Judicial notice may be taken "of court filings and other matters of public record." <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of <u>United States v. Kammi Rae Sargent</u>, Case No. 1:18-cr-00134-LJO-SKO (E.D. Cal. 2017). On July 27, 2023, the criminal case was reassigned to District Judge Jennifer L. Thurston. <u>Sargent</u>, Case No. 1:18-cr-00134-JLT-SKO, (ECF No. 56). On August 8, 2023, a notice of relation to this action was filed in the criminal case. <u>See Sargent</u>, Case No. 1:18-cr-00134-JLT-SKO, (ECF No. 57).

2

application, the Government proffered, upon information and belief, that Defendant has a substantial nonexempt property interest in the "non-exempt disposable earnings" held by the Garnishee. (Id. at 1 (citing 28 U.S.C. § 3002(12)).)

On August 8, 2023, the Government filed the instant request for findings and recommendations for a final order of garnishment. (ECF No. 7.)

## III.

## LEGAL STANDARD

The FDCPA "sets forth the 'exclusive civil procedures for the United States … to recover a judgment on … an amount that is owing to the United States on account of … restitution.' " United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). The Mandatory Victims Restitution Act ("MVRA") made restitution mandatory for certain crimes, including "an offense against property under this title … including any offense committed by fraud or deceit." 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii); see also Mays, 430 F.3d at 965.

The MVRA provides that the United States may enforce a judgment imposing a fine, which includes restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. Mays, 430 F.3d at 965 & n.2. The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. §§ 3202(b)–(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, during which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the

debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

## IV.

## DISCUSSION

The Government proffers that as of June 15, 2023, Defendant still owed restitution in the amount of $41,996.03, with such amount not accruing interest. (ECF No. 7 at 1.) Among other things, the documents served on June 15, 2023, advised Defendant of her rights to claim exemptions to garnishment, to object to the Garnishee's acknowledgement of service and the Garnishee's answer, and to request a hearing. (ECF No. 3.) Specifically, Defendant was advised that she had twenty (20) days from the date she received the Garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d). (ECF No. 3-1 at 1.) Defendant has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing. The time to do so has expired.

Pursuant to the FDCPA, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7). Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## V.

## RECOMMENDATIONS AND ORDER

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The Government's request for findings and recommendations for a final order of continuing garnishment (ECF No. 7) be GRANTED;

2. Garnishee Riverstone Claims Management LLC be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Defendant Kammi Rae

///

        Sargent's ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;

3. Garnishee Riverstone Claims Management LLC be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, included, but not limited to wages, earnings, commissions, and bonuses, already withheld as a result of the writ, within fifteen (15) days of the filing of the Final Order;

4. Payment be made in the form of a check, money order or company draft, made payable to the "Clerk of the Court" and delivered to the Office of the Clerk, 501 I Street, Room 4-200, Sacramento, California 95814, and the criminal docket number (1:18-CR-00134-JLT-SKO) shall be stated on the payment instrument;

5. The United States' request to recover a $4,199.60 litigation surcharge after satisfaction of the judgment amount owed by Defendant Kammi Rae Sargent be GRANTED;

6. Garnishee Riverstone Claims Management LLC be directed to pay the litigation surcharge to the United States Department of Justice, who shall provide payment instructions to the Garnishee concurrently with service of the final order;

7. The Court retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

8. This garnishment be terminated when either: (1) the United States seeks to terminate the writ; or (2) when the judgment amount and litigation surcharge are fully satisfied.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant and Judgment Debtor Kammi Rae Sargent and file a notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket, and **indicate in such filing that the correct last known address has been utilized throughout these proceedings**.

IT IS SO ORDERED.

Dated:   **August 9, 2023**

UNITED STATES MAGISTRATE JUDGE